IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

VICTORIA SMITH                                                                                          PLAINTIFF

v.                                    Case No. 4:23-cv-00332-LPR

UAMS, Hospital, et al.                                                                              DEFENDANTS

## ORDER

On April 7, 2023, Plaintiff Victoria Smith filed this *pro se* action and sought leave to proceed *in forma pauperis*.[1] Because she reports limited income, her IFP motion is GRANTED.[2] Next, the Court must screen Ms. Smith's Complaint to determine whether the cause of action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a party immune to such relief.[3] A *pro se* litigant's complaint must be construed liberally.[4] Nonetheless, the complaint must "allege sufficient facts to support the claims advanced."[5] Also, the Court must have jurisdiction to hear the case.[6]

Ms. Smith is an African American woman who worked as a medical assistant at UAMS.[7] She brings this employment action against UAMS and UAMS employees under Title VII of the

---

[1] Mot. to Proceed *In Forma Pauperis* (Doc. 1); Compl. (Doc. 2).

[2] Mot. to Proceed *In Forma Pauperis* (Doc. 1); Notice (Doc. 7). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[3] 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857.

[4] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[5] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

[6] *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

[7] Compl. (Doc. 2) at 1.

Civil Rights Act of 1964.[8]  She appears to be trying to assert claims of race discrimination, hostile work environment, and retaliation.[9]  The claims against UAMS employees cannot proceed.  Title VII only provides for claims against an employer company; Title VII does not provide for claims against individual supervisors or co-workers within the company.[10]

With respect to the claims against UAMS, the Court cannot yet decide whether those claims pass screening.  Ms. Smith's actual Complaint is barebones and conclusory.  And her attachments to the Complaint, while extensive, are very hard to follow.  Ms. Smith attaches to her Complaint the EEOC Charge, the EEOC's Right-to-Sue letter, a healthy number of emails between herself and various supervisors, and several incident reports she wrote concerning purported bullying and harassment from co-workers (or perhaps supervisors).[11]  It appears that Ms. Smith wants the Court to sift through all of her attachments and identify her specific factual allegations.  But it is the Plaintiff's responsibility to set forth specific factual allegations in an organized and detailed manner.  As the Complaint stands now, the Court cannot decipher whether Ms. Smith states a valid cause of action for one or more of her claims against UAMS.  Accordingly, the Court directs Ms. Smith to amend her Complaint within 45 days of the date of this Order.

Assuming the scope of her claims remains the same, the Amended Complaint should break up the claims into three topics: (1) racial discrimination, (2) retaliation, and (3) hostile work environment.  For each topic, Ms. Smith must provide, in an organized manner, *all* the *specific* facts that she believes support her claims.  Ms. Smith may not simply rely on conclusory and general allegations like "I was bullied," but rather must plead specific facts that actually show she

---

[8] 42 U.S.C. § 2000e, *et seq*.

[9] Compl. (Doc. 2) at 1–3, 8.

[10] *See Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008).

[11] Compl. (Doc. 2) at 8–9, 19–37.

was subject to bullying, such as "Person X yelled in my face for two minutes every day between Date Y and Date Z." And Ms. Smith may not simply point to attachments to her Complaint to set forth the necessary allegations. Rather, she must present these facts in a fully developed narrative Complaint that is independent from the attachments. If Ms. Smith fails to file an Amended Complaint within 45 days of the date of this Order, her lawsuit will likely be dismissed for failure to state a claim.

The Clerk is directed to terminate Sandra Meredith, Deborah Hutts, Tianna Nellums, Kristen Van, Krista Westerman, and Dr. Sakariya Geeta as Defendants in this case. Based on the Court's reasoning set forth above, they are dismissed from this case.

IT IS SO ORDERED this 3rd day of October 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE