IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**VICTORIA SMITH**                                                                                          **PLAINTIFF**

v.                                    **Case No. 4:23-cv-00332-LPR**

**UAMS,** *Hospital*                                                                                        **DEFENDANT**

## ORDER

Victoria Smith brought this *pro se* employment discrimination suit under Title VII of the Civil Rights Act of 1964 asserting race discrimination, hostile work environment, and retaliation.[1] On initial screening, the Court dismissed Ms. Smith's claims against the individual Defendants.[2] With respect to her claims against the remaining defendant, UAMS, the Court found that Ms. Smith's Complaint was too "barebones and conclusory[,]" while her "extensive" attachments were "very hard to follow."[3] The Court advised Ms. Smith that it would not "sift through all of her attachments and identify her specific factual allegations."[4]

The Court gave Ms. Smith 45 days to file an amended complaint addressing the deficiencies in her original Complaint.[5] Ms. Smith was instructed that, should she choose to file an amended complaint, she must do the following:

> [B]reak up the claims into three topics: (1) racial discrimination, (2) retaliation, and (3) hostile work environment. For each topic, Ms. Smith must provide, in an organized manner, *all* the *specific* facts that she believes support her claims. Ms. Smith may not simply rely on conclusory and general allegations like "I was bullied," but rather must plead specific facts that actually show she was subject to bullying, such as "Person X yelled in my face for two minutes every day between Date Y and Date Z." And Ms. Smith may not simply point to attachments to her

---

[1] Compl. (Doc. 2); 42 U.S.C. § 2000e, *et seq*.

[2] Order (Doc. 8).

[3] *Id*. at 2.

[4] *Id*.

[5] *Id*.

Complaint to set forth the necessary allegations. Rather, she must present these facts in a fully developed narrative Complaint that is independent from the attachments.[6]

The Court warned Ms. Smith that the failure to file an amended complaint would likely result in the dismissal of this case.[7]

On November 21, 2023, Ms. Smith filed her Amended Complaint.[8] But she failed to follow any of the Court's directives. Having reviewed Ms. Smith's Amended Complaint, the Court finds that it lacks any narrative whatsoever and, instead, consists of one difficult-to-read, handwritten page of sentence fragments with 89 pages of attachments. Similarly, Ms. Smith's later-filed Addendum consists of another 190 pages of attachments.[9] Rather than simplify her argument against UAMS, Ms. Smith has compounded its complexity. As a result, the Court finds that Ms. Smith's Amended Complaint is conclusorily pleaded and does not allege the type of specifics necessary to state a viable claim.[10]

Accordingly, Ms. Smith's Complaint (Doc. 2) and Amended Complaint (Doc. 9) are DISMISSED without prejudice for failure to state a claim.[11] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying

---

[6] *Id*. at 2–3.

[7] *Id*. at 3.

[8] The Court directed Ms. Smith to file an amended complaint within 45 days of its October 3, 2023 Order, making her pleading due no later than Friday, November 17, 2023. Ms. Smith filed her Amended Complaint on Tuesday, November 21, 2023.

[9] *See* Doc. 10. There is no such thing as an addendum to a complaint. The Court directed Ms. Smith to file one Amended Complaint, not two separate documents. Given Ms. Smith's failure to follow the Court's explicit directions, the Court should not even consider the Addendum.

[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). For one example, Ms. Smith alleges "retaliation from me reporting my very concerned employment issues to UAMS chain of command." Am. Compl. (Doc. 9) at 1. There are just not enough specifics here.

[11] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Judgment would not be taken in good faith.

    IT IS SO ORDERED this 10th day of January 2024.

                                                   */s/ Lee P. Rudofsky*
                                                  LEE P. RUDOFSKY
                                                  UNITED STATES DISTRICT JUDGE